Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5898 | **DATE** | 10/19/2004 |
| **CASE TITLE** | Ezell vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that defendant's motion to dismiss complaint [11-1] be GRANTED. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10/19/2004 | |
| | | | date mailed notice | |
| KF courtroom deputy's initials | | 2004 OCT 19 PM 3:50 U.S. DISTRICT COURT Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN EZELL, o/b/o<br>MARVIN E. BROWN, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Case No. 03 C 5898 |
| vs. | )<br>)<br>) | Judge Ronald A. Guzman |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security | )<br>) | Magistrate Judge Michael T. Mason |
| Defendant. | )<br>) | |

DOCKETED
OCT 2 0 2004

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

Plaintiff, OEvelyn Ezell ("plaintiff"), acting on behalf of her son Marvin E. Brown ("Marvin"), filed a complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner" or "defendant") denial of plaintiff's request to reopen a 1994 determination which terminated Marvin's entitlement to child's insurance benefits. The Commissioner filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction as defined by section 405(g) of the Social Security Act ("Act"). The District Court referred the motion to dismiss to us for a report and recommendation. For the following reasons, we recommend that the District Court grant defendant's motion to dismiss.

**Background**

In October 1987, Marvin J. Brown ("Brown") applied for and was awarded retirement insurance benefits. Shortly thereafter, Brown's wife, Laveryl Brown ("Mrs. Brown"), applied for and was awarded wife's insurance benefits. In April 1992, plaintiff,



Evelyn Ezell, filed an application for child's insurance benefits on behalf of her son, Marvin E. Brown ("Marvin"), alleging that Brown was Marvin's father. In June of that same year, Marvin was awarded monthly benefits retroactive to October 1991.

As a result of the Social Security Administration's ("the Administration") determination that Marvin was entitled to child's insurance benefits, Mrs. Brown's monthly benefit was reduced. Mrs. Brown requested a reconsideration of Marvin's entitlement to benefits, alleging that Brown was not Marvin's father. In October 1992, the Administration upheld Marvin's entitlement to child's insurance benefits, finding that a parent-child relationship had been established.

Mrs. Brown then requested a hearing on the issue of Brown's paternity, which was scheduled for September 1993. However, that hearing was postponed until February 1994 in order for the plaintiff to obtain representation. Plaintiff failed to appear at the February hearing. In April 1994, Administrative Law Judge Thomas H. Ploss dismissed plaintiff's application for benefits with prejudice, finding the matter had been abandoned by plaintiff without good cause. ALJ Ploss further found that plaintiff failed to prove by clear and convincing evidence that Brown was Marvin's father. Plaintiff did not appeal the April 1994 decision, which became administratively final 60 days thereafter.

In June 1994, the Administration terminated Marvin's entitlement to child's insurance benefits retroactive to his initial month of entitlement, October 1991. The Administration also assessed an overpayment of $9,544.00 against plaintiff for benefits Marvin received from October 1991 to May 1994. Plaintiff was notified of the overpayment on December 23, 1994. Plaintiff did not appeal the overpayment decision

or seek waiver, and the Administration's decision became administratively final after the 60 day appeal period expired. As of March 1995, plaintiff had failed to make any payments to the Administration toward the reduction of the overpayment.

In November 1999, plaintiff reapplied for child's insurance benefits. In March 2000, plaintiff also submitted a signed statement requesting a reopening of the April 1994 decision. In support of her request, plaintiff submitted results from a blood test which established Brown's paternity under Illinois law. In October 2000, based on the evidence then in its possession, the Administration determined that a parent-child relationship existed between Brown and Marvin. Plaintiff was awarded child's insurance benefits retroactive to November 1999, which the Administration later amended to May 1999. Because plaintiff had never repaid or otherwise sought waiver of the overpayment for benefits Marvin received from 1991-1994, recovery of that overpayment commenced immediately following the October 2000 decision and continued until April 2001, at which time the overpayment was fully recovered.

After receiving untimely notice of the award of benefits in December 2000, plaintiff requested a reconsideration of the Administration's decision, disputing both the determination of the initial month of entitlement and the propriety of the overpayment. In February 2001, the Administration determined that the correct month of entitlement was May 1999. The Administration did not specifically address the propriety of the overpayment. However, the Administration did address whether the initial determination should be reopened and it declined to reopen the 1994 determination. Plaintiff timely requested a hearing before an ALJ on both issues. Administrative Law Judge Carlton Bailey, Jr. held a hearing on April 5, 2002 and issued a decision on April 26, 2002. ALJ

3

Bailey found that: (1) Marvin was entitled to child's insurance benefits for the months May 1999 through June 2001; (2) recovery of the overpayment for the months of October 1991 through May 1994 was against equity and good conscience; (3) the money withheld from Marvin's benefits as a result of the overpayment should be refunded and (4) there was no basis to reopen April 1994 decision.

Plaintiff requested review by the Appeals Council challenging the ALJ's refusal to reopen the April 1994 determination. The Appeals Council denied the plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner. Plaintiff then filed a complaint seeking judicial review of the Commissioner's refusal to reopen the April 1994 determination.

**Analysis**

Under Title II of the Social Security Act, a claimant who demonstrates that he or she is the child of an individual entitled to old-age or disability insurance benefits is entitled to child's insurance benefits. 42 U.S.C. §§ 402(d). The Commissioner is authorized to make findings of fact and decisions with regard to the rights of any individual applying for such benefits. 42 U.S.C. § 405(b). Any individual may obtain federal court review of the final decision of the Commissioner by filing a civil action in the district court within 60 days after notice of the decision is given. 42 U.S.C. § 405(g).

Here, plaintiff seeks review of the ALJ's denial of her request to reopen the April 1994 determination which terminated Marvin's benefits. Because this is the only ground on which the plaintiff seeks review, the Commissioner argues that this Court has no subject matter jurisdiction. We agree.

Pursuant to section 405(g) of the Act, a district court has subject matter jurisdiction to review only a *"final decision of the Commissioner...made after a hearing...." Id.* (emphasis added). It is well-settled that the Commissioner's decision to deny a party's request to reopen a prior claim for benefits does not constitute a final decision within the meaning of the Act. *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Bolden v. Bowen*, 868 F.2d 916, 919 (7th Cir. 1989). Therefore, absent a challenge on constitutional grounds, the district court does not have jurisdiction to review the Commissioner's refusal to reopen a claim for benefits. *Id.* Here, plaintiff does not challenge the Commissioner's denial of her request to reopen the 1994 determination on constitutional grounds. Accordingly, § 405(g) does not afford subject matter jurisdiction in this case and there is no independent basis on which to grant judicial review outside of § 405(g).

The Act and accompanying regulations provide for a fair and reasonable administrative mechanism by which a claimant may seek judicial review of an adverse decision of the Commissioner. *Califano*, 430 U.S. at 102. Plaintiff did not avail herself of any of the prescribed avenues for administrative or judicial review following the April 1994 determination which terminated Marvin's benefits. Plaintiff cannot now circumvent the statutory requirements and obtain judicial review simply by filing - and being denied - a petition to reopen the claim. Because this Court lacks subject matter jurisdiction, defendant's motion to dismiss must be granted.[1]

---

[1] Plaintiff argues that the ALJ's denial of her petition to reopen was erroneous because she was entitled to an "unlimited reopening." However, we do not reach the merits of plaintiff's argument because this Court has no jurisdiction.

**Conclusion**

This Court recommends that the District Court grant the Commissioner's motion to dismiss for lack of subject matter jurisdiction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: October 19, 2004