IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN EZELL, o/b/o ) <br> MARVIN E. BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 03 C 5898 <br><br> Judge Guzmán |

## MEMORANDUM OPINION AND ORDER

Evelyn Ezell has sued Jo Anne Barnhart, the Commissioner of Social Security, for judicial review of a 1994 decision denying benefits to her son. The case is before us on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons set forth below, the Court construes the motion as seeking dismissal of Count II for lack of subject matter jurisdiction and summary judgment on Counts I and III, and grants the motion in full.[1]

### Facts

In October 1987, Marvin J. Brown ("Marvin J.") applied for Social Security retirement benefits. (R. at 104.) At about the same time, Marvin J.'s wife, Laveryl W. Brown, applied for wife's insurance benefits. (*Id.* at 107.)

---

[1] Defendant styled her motion with respect to Counts I and III as one for dismissal pursuant to Rule 12. Both parties, however, rely on materials outside of the pleadings, *i.e.*, the administrative record, to support their positions on those claims. Because the parties have treated the motion with respect to those counts as one for summary judgment, we will do so as well.

In April 1992, plaintiff filed for benefits on behalf of her son, Marvin E. Brown ("Marvin E."), claiming that his father was Marvin J. (*Id.* at 111.) In June 1992, the Social Security Administration ("SSA") notified plaintiff that Marvin E. had been awarded child's benefits retroactive to October 1991. (*Id.* at 128.)

In May 1992, SSA informed Mrs. Brown that her wife's benefits would be reduced as a result of the payments to Marvin E. (*Id.* at 123.) Consequently, she filed a request for reconsideration of Marvin E.'s entitlement to child's benefits. (*Id.* at 131.)

In October 1992, SSA found that a parent-child relationship existed between Marvin J. and Marvin E. (*Id.* at 135.) Thus, the Agency denied Mrs. Brown's request for reconsideration. (*Id.*)

Mrs. Brown requested a hearing on the propriety of Marvin E.'s receipt of benefits on the record of Marvin J. (*Id.* at 41.) The hearing was convened in September 1993 before ALJ Thomas Ploss with Marvin J., Mrs. Brown and plaintiff in attendance. (*Id.*) The hearing was adjourned to enable plaintiff to obtain representation. (*Id.*)

On February 22, 1994, ALJ Ploss reconvened the hearing. (*Id.*) Because plaintiff did not appear at the hearing, the ALJ deemed her to have abandoned Marvin E.'s application for benefits. (*Id.* at 42-43.) Thus, he dismissed the application with prejudice. (*Id.*) Plaintiff did not appeal that decision.

In June 1994, SSA sent plaintiff a notice denying Marvin E.'s application for benefits and seeking the return of the $9,544.00 it had already paid to him. (*Id.* at 35.) Plaintiff did not seek reconsideration of that decision.

In December 1994, SSA sent plaintiff another overpayment determination, (*id.* at 23), which plaintiff also did not appeal.

In November 1999, plaintiff filed a another application for child's benefits on behalf of Marvin E. (*Id.* at 56-57.)

In March 2000, plaintiff asked SSA to reopen the 1994 decision denying Marvin E. benefits in light of blood test results that established that Marvin J. was his father. (*Id.* at 84.)

In December 2000, SSA granted plaintiff's 1999 application for benefits retroactive to May 1999. (*Id.* at 75-76.) Plaintiff, believing that the benefits should be retroactive to October 1991, filed a request for reconsideration. (*Id.*) Her request was denied. (*Id.*)

Plaintiff filed a request for a hearing on the reconsideration decision, which was held by ALJ B. Carlton Bailey on April 5, 2002. (*Id.* at 14.) On April 26, 2002, ALJ Bailey issued a decision declining to reopen the 1994 decision or change the date of Marvin E.'s entitlement to benefits but waiving the overpayment claim. (*Id.* at 18-20.)

Plaintiff asked the Appeals Council to review ALJ Bailey's decision. (*Id.* at 8-9.) On June 18, 2003, her request was denied. (*Id.* at 3.)

On August 21, 2003, plaintiff filed this suit.

## The Legal Standards

There are two kinds of Rule 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis for jurisdiction. Facial attacks are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002). However, in factual attacks, like this one, the Court may consider evidence outside of the complaint

3

in deciding the motion. *Id.* In either case, the burden of proving that jurisdiction exists rests with the plaintiff. *Id.*

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

In Count I of the first amended complaint, plaintiff seeks judicial review of ALJ Ploss' 1994 decision dismissing Marvin E.'s application for benefits. According to the Social Security Act, judicial review is available only for "final decision[s] of the Commissioner of Social Security" and only if the suit is filed "within sixty days" after the SSA mails notice of the decision to the claimant. 42 U.S.C. § 405(g). A decision is final within the meaning of the Act only if the claim has been presented to the SSA for determination and the claimant has exhausted all available administrative remedies. *Bowen v. City of N.Y.*, 476 U.S. 467, 483 (1986). Plaintiff did not file an SSA appeal of ALJ Ploss' decision and she filed this suit almost a decade after he rendered the decision. Thus, plaintiff has not complied with the statute's exhaustion requirement or its limitations period.

Plaintiff contends that these defects are not fatal. She says she did not appeal the 1994 decision because the SSA did not tell her about it. (First Am. Compl. ¶¶ 37, 45-46, 61.) Since her

4

inaction was SSA's fault, plaintiffs says the exhaustion and limitations requirements should be waived.

The exhaustion requirement can be waived only if "(1) the plaintiffs' suit involves a collateral attack rather than on the merits, and (2) the plaintiffs' interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate." *Johnson v. Sullivan*, 922 F.2d 346, 352 (7th Cir. 1990). This suit does not vault the first hurdle. Plaintiff does not contest an SSA practice or policy that is tangentially related to its 1994 decision to deny Marvin E. benefits. Rather, she challenges the benefit determination directly. Because plaintiff is making a direct attack on the 1994 benefit determination, waiver of the exhaustion requirement is inappropriate. *Id.*

Relief from the statute of limitations is also not warranted. The Supreme Court has held that section 405(g)'s limitations period may be tolled "[w]here the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights." *City of N.Y.*, 476 U.S. at 480 (citation omitted).[2] Plaintiff alleges that SSA did not give her notice of the 1994 hearing or its results, contrary to its internal operating procedures. (*See* Am. Compl. ¶¶ 30-32.) She has no evidence, however, that these omissions were a conscious attempt on its part to conceal that information from her. Absent such evidence, *City of New York* provides no basis for tolling.

Moreover, even if SSA had deliberately concealed that information from plaintiff, the Agency's conduct would excuse her inaction only if it kept her from realizing that her rights had been violated. *Id.* It is undisputed that SSA told plaintiff on June 6, 1994 that Marvin E. was not entitled

---

[2]Though the Court characterized that principle as one of equitable tolling, *id.*, it is really a species of estoppel. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (stating that "equitable estoppel . . . comes into play if the defendant takes active steps to prevent the plaintiff from suing in time" while equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim").

5

to benefits and that it would seek to recoup the benefits it had already paid to him. (R. at 35.) When plaintiff received that letter, she should have known that SSA had revoked Marvin E.'s benefits without her knowledge or input. Yet plaintiff did not protest that decision until December 2000. (*Id.* at 76.) SSA's alleged concealment of the February 1994 hearing might excuse plaintiff's failure to protest ALJ Ploss' decision before June 6, 1994, but it would not excuse her six-year delay in doing so thereafter.

In short, though the exhaustion and limitations requirements of section 405(g) may be waived under certain circumstances, those circumstances are not present in this case. Defendant is, therefore, entitled to judgment as a matter of law on plaintiff's claim for review of the 1994 benefit determination.

In Count II of the first amended complaint, plaintiff asserts that ALJ Bailey's 2002 decision not to reopen the 1994 proceeding violated her due process rights. Ordinarily, SSA's decision not to reopen a proceeding is not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). If, however, "[SSA's] denial of a petition to reopen is challenged on constitutional grounds," judicial review is available. *Id.* at 109. Plaintiff contends that Count II presents one of those challenges.

The Court disagrees. The *Sanders* decision extends judicial review to reopening decisions that are alleged to be unconstitutional, not to allegedly unconstitutional benefit determinations that are later the subject of reopening proceedings. In the words of our court of appeals:

> *Sanders* did not hold that a court may review an initial decision denying benefits beyond the statutory period of limitations where the agency later declines to reopen the decision simply because the initial decision allegedly raised a constitutional question. Rather, the Court said that the refusal to reopen the decision itself must raise the constitutional question, and observed this would be a "rare instanc[e]."

*Steebe v. U.S. R.R. Retirement Bd.*, 708 F.2d 250, 256 (7th Cir. 1983) (quoting *Sanders*, 430 U.S. at 109). Plaintiff does not allege that she was deprived of due process in connection with her request to reopen the 1994 proceeding. In fact, she cannot make such an allegation as the record shows that she received a full hearing on the issue. (*See* R. at 13-20.) Instead, she alleges that the 1994 benefit determination itself was unconstitutional. (*See* First Am. Compl. ¶¶ 66-68.) Because plaintiff challenges an initial benefit determination, not a reopening proceeding, *Sanders* provides no basis for judicial review. *See Sanders*, 430 U.S. at 109 (holding that federal courts lack subject matter jurisdiction over non-constitutional challenges to SSA's refusal to reopen benefit proceedings).

In the last count of her amended complaint, plaintiff asserts that the 1994 proceeding should be reopened because it was obtained by fraud. *See* 20 C.F.R. § 404.988(c) (stating that an SSA proceeding can be reopened "[a]t any time" if "[i]t was obtained by fraud or similar fault"). Plaintiff alleges, and the record shows, that blood tests were performed on Marvin J. and Marvin E. in 1994 that established Marvin J.'s paternity. (Am. Compl. ¶ 71; R. at 93-97.) Plaintiff contends that those test results, about which she was ignorant until 1999, render Marvin J.'s denial of paternity to SSA an act of fraud.

There are two problems with this claim. First, the record shows that Marvin J. did not take the blood test until October 1994, six months after ALJ Ploss dismissed Marvin E.'s benefits claim. (*See* R. at 42-43, 93-97.) Because Marvin J. did not have the blood test results or, as far as the record shows, any other proof that Marvin E. was his son, at the time of the 1994 hearing, his denial of paternity at that time cannot be characterized as fraud.

Second, even if there were evidence to suggest that Marvin J. had fraudulently denied paternity, this would not be the forum for plaintiff to raise the issue. Section 405(g) empowers courts

7

to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Plaintiff has not presented her fraud claim to SSA. Until she does and SSA renders a final decision on it, this Court has no authority to entertain it. *See id.*

## Conclusion

For the reasons set forth above, the Court grants defendant's motion to dismiss [doc. no. 24] in full, a part of which the parties have treated, and the Court construes, as a motion for summary judgment. There is no genuine issue of material fact on the claims plaintiff asserts against defendant in Counts I and III, and defendant is entitled to judgment as a matter of law on them. Defendant's motion to dismiss Count II without prejudice for lack of subject matter jurisdiction is also granted. This case is hereby terminated and any pending motions, schedules and hearing dates are stricken.

**SO ORDERED.**  **ENTERED:** 9/20/05

HON. RONALD A. GUZMAN
**United States District Judge**